UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **ANDERSON BUCKMIRE and JUSTIN NARDONE, individually and on behalf of all others similarly situated,**<br><br>                  **Plaintiffs,**<br><br>**v.**<br><br>**LASERSHIP, INC.,**<br>1912 Woodford Rd.<br>Vienna, VA 22182<br><br>**Serve Resident Agent:**<br><br>    Corporation Service Company<br>    100 Shockoe Slip, Floor 2<br>    Richmond, VA 23219<br><br>                  **Defendant.** | Civil Action No. 1:20-cv-01493 |

**COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED,
<u>PROPOSED CLASS ACTION</u>**

The instant complaint is brought on behalf of the Plaintiffs, Anderson Buckmire and Justin Nardone, and other similarly situated individuals (hereinafter "Plaintiffs") who have performed delivery services for the Defendant, LaserShip, Inc. ("LaserShip").

**INTRODUCTION**

1.  Plaintiffs seek certification of a Massachusetts-wide class of delivery drivers who have been misclassified as independent contractors when they were in fact employees under the Massachusetts Independent Contractor Statute (M.G.L. c. 149, § 148B) and related Massachusetts state law claims. As set forth below, LaserShip's business is substantially

devoted to providing delivery services to its customers. LaserShip has unlawfully misclassified all of its drivers as "independent contractors" despite the fact that they are legally employees under the Massachusetts independent contractor test established by M.G.L. c. 149, § 148B. As a result of this misclassification, LaserShip has deprived Plaintiffs of overtime, other work related benefits, and has required them to incur expenses and fees that they would not have incurred as employees. In this action, Plaintiffs seek to recover compensation for these violations, statutory trebling of wage-related damages, and attorney's fees and costs as provided for by law.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over each of the parties in this action pursuant to 28 U.S.C. § 1332(a)(1). This Court has jurisdiction over the subject matter of this action as the Plaintiffs are diverse from the Defendant and the amount in controversy is greater than the sum of $75,000.00.

3. Venue is appropriate in this federal district and division pursuant to 28 U.S.C. 139l(a) (1) and a selection of forum clause in the parties' agreement.

## PARTIES

4. Plaintiff Anderson Buckmire is an adult resident and citizen of Boston, Massachusetts. He has worked as a LaserShip driver since approximately 2017.

5. Plaintiff Justin Nardone is an adult resident and citizen of North Andover, Massachusetts. He has worked as a LaserShip driver since approximately 2017.

6. Defendant LaserShip, Inc. is a Delaware corporation with a usual place of business in Vienna, Virginia. LaserShip operates a regional terminal out of Woburn, Massachusetts and transacts business in the Commonwealth of Massachusetts.

7. This is a class action that the above-named Plaintiffs bring on their own behalf

and on behalf of all others similarly situated, namely, all other individuals who have performed delivery services for LaserShip within Massachusetts and have been subjected to the legal violations described in this complaint. The proposed class meets all of the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

8. Plaintiffs work for LaserShip as delivery drivers. Plaintiffs' job duties, and the job duties of those similarly situated, involve providing delivery services to customers of LaserShip.

9. Drivers report to LaserShip terminal each morning between 5:00-6:00 a.m. and load items to be delivered onto their own vehicles.

10. Drivers then deliver items as assigned by LaserShip to LaserShip's customers. Plaintiff Buckmire generally performs these services for approximately forty hours a week, Monday through Friday. Plaintiff Nardone generally performs these services for approximately 110 hours per week, seven days a week.

11. Drivers are assigned "routes" on which they perform their work. They are required to make deliveries to the customers of LaserShip along these routes and are provided with paperwork detailing the customers to whom deliveries must be made. The drivers are paid by the "stop" or delivery.

12. Some drivers have additional stops added to their routes and are required to deliver items to such stops without receiving any compensation whatsoever.

13. Some drivers, including Plaintiffs Buckmire and Nardone, deliver pharmaceutical drugs from a nationwide pharmaceutical drug wholesale company to local pharmacies.

14. The goods that Plaintiffs and other drivers deliver originate across state lines and are in the flow of interstate commerce.

15. After completing their routes, drivers are required to return to the LaserShip terminal in Woburn and turn in empty totes, paperwork and extra product. This generally takes 20-30 minutes each day. Drivers are not compensated for this work.

16. Frequently, some drivers work in excess of 40 hours per week while providing services for LaserShip. Plaintiff Nardone works approximately 110 hours per week. Drivers who work in excess of 40 hours per week are not paid an overtime premium for any such hours worked.

17. Drivers are required to purchase and wear a LaserShip uniform at all times that they are performing services for LaserShip. Drivers are required to purchase a LaserShip magnet to place on their vehicles.

18. Drivers have deductions taken from their paycheck each week by LaserShip for various miscellaneous "fees", including but not limited to, fees for a quasi-workers' compensation insurance policy, a mobile phone application fee, and cargo insurance fees. Typically, these fee deductions total $50-$60.00 per week.

19. Drivers use their own vehicles, pay for their own gas, insurance, maintenance, and tolls as part of the performance of delivery services for LaserShip. Plaintiffs Buckmire and Nardone had to purchase new mobile phones at their own expense in order to run the LaserShip mobile application. Plaintiff Nardone also had to purchase a new laptop computer and accessories to perform his work for LaserShip. LaserShip does not reimburse Plaintiffs and other drivers for such expenses, which are directly related to the work Plaintiffs and other drivers perform for LaserShip.

20. Upon information and belief, Plaintiffs and other similarly situated class members drive vehicles weighing less than 10,001 pounds while performing their work for LaserShip.

21. While LaserShip classifies the Plaintiffs and other similarly situated class members as "independent contractors," the nature of the services the Plaintiffs and others performed, and the manner in which they performed these services, make it clear that they are actually employees.

22. Drivers perform services, pickup and delivery of products and material which is within the usual course of business of LaserShip in that LaserShip's usual course of business is to supply delivery services to its customers and Plaintiffs provide delivery services to LaserShip customers on behalf of LaserShip.

23. In filings with the Massachusetts Secretary of State's Office, LaserShip describes the business of the corporation as "Transportation Logistics".

24. Drivers are entirely dependent upon LaserShip for their work, as they are only allowed to perform delivery services for LaserShip and work full-time for LaserShip.

25. LaserShip also retains the right to exert control over of the manner in which the Plaintiffs and others performed their services. Such control includes, but is not limited to, the following:

   a) LaserShip requires Plaintiffs and others to comply with its instructions in terms of written and unwritten policies, procedures, and directives regarding the Plaintiffs' duties.

   b) LaserShip employs managers who have supervisory responsibility over Plaintiffs and who assign and direct their work. Plaintiffs receive calls on a daily basis from terminal dispatch directing their work.

   c) Plaintiffs are required to perform delivery services during fixed hours each day that they work.

   d) LaserShip requires Plaintiffs and others to use its mobile application so that deliveries can be tracked and downloaded to the LaserShip computer systems.

  e) Plaintiffs are required to wear a uniform signifying that they are working for LaserShip.

  f) Plaintiffs have no role in supervising any other driver.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, the above-named plaintiffs have submitted their statutory claims to the Office of the Attorney General.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs are members of the Class they seek to represent. The Class members can be identified using records in LaserShip's control and kept by LaserShip in the usual course of its business.

28. The Class members are so numerous that joinder of all their members would be impracticable. On information and belief, over the relevant period, LaserShip has hired over 100 individuals to perform delivery services in Massachusetts.

29. LaserShip engaged in a common course of conduct that violated the legal rights of the Plaintiffs and the Class members. Individual questions, if any, pale by comparison to the numerous material questions of law or fact common to the Class that will necessarily dominate the Court's analysis of Plaintiffs' claims, including, whether LaserShip improperly classified Plaintiff and the Class members as independent contractors in violation of Massachusetts law.

30. Plaintiffs' claims are typical of the claims belonging to absent Class members. The Plaintiffs and the absent Class members are similarly-situated employees who shared the same job description, performed the same work under the same conditions, were classified as independent contractors, denied the same employment-related benefits and, as a result, suffered the same type of harm.

31. Plaintiffs will fairly and adequately assert and protect the interests of absent Class members. There is no apparent conflict of interest between the Plaintiffs and the absent Class members. The Plaintiffs are familiar with the facts that form the bases of the Class members' claims.

32. Plaintiffs have retained competent and experienced Class action counsel who intend to prosecute this action vigorously. Plaintiffs' counsel have successfully prosecuted many complex Class actions, including wage-and-hour class actions, and will fairly and adequately protect the interests of the absent Class members; and

33. Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy. Common questions of law or fact predominate over any questions affecting only individual members, as the Plaintiffs seek to remedy a shared legal grievance (e.g., misclassification of the Class members) and shared harm (e.g., unpaid wages and employment benefits) on behalf of a Class of similarly situated employees.

34. The class action device is superior to other available means for the fair and efficient adjudication of the Plaintiffs' claims. The relief sought by individual Class members is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by LaserShip's conduct. Individual litigation of the legal and factual issues raised by LaserShip's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a Class action would permit the efficient supervision of the Class' claims, give rise to numerous economies of scale for the Court and for the parties, and result in a binding and uniform adjudication on each issue for every party.

### COUNT I
### Violation of Massachusetts Independent Contractor Law
### M.G.L. ch.149, §148B

35. The conduct of LaserShip in classifying its drivers as independent contractors constitutes a violation of the Massachusetts independent contractor statute, M.G.L. c.149, §148B. This claim is asserted pursuant to M.G.L. c.149, §150.

### COUNT II
### Violation of Massachusetts Wage Payment Act
### M.G.L. ch.149, §148

36. The conduct of LaserShip as set forth above constitutes an unlawful refusal to pay wages in violation of M.G.L. c.149, §148, in that LaserShip has taken improper deductions from drivers' pay and required drivers to inappropriately bear LaserShip's costs of doing business. Plaintiffs assert these claims under M.G.L. c.149, § 150.

### COUNT III
### Violation of Massachusetts Overtime Law
### M.G.L. ch.151, §1A

37. The conduct of LaserShip as set forth above violates drivers' right to be paid overtime for all work performed in excess of 40 hours per week, in violation of M.G.L. ch.151, §1A.

### COUNT IV
### Unjust Enrichment

38. As a result of mischaracterizing the Plaintiffs and putative class members as "independent contractors," Plaintiffs were forced to pay substantial sums of money for work-related expenses, including but not limited to costs associated with the purchase of quasi-workers compensation or similar insurance, fuel, and other expenses normally borne by an employer.

39. By shifting the costs associated with their business to the Plaintiffs and putative class members, LaserShip unjustly enriched itself to the detriment of each driver, in violation of the common law of Massachusetts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

b. Restitution of all damages due to the Plaintiffs and other class members because of their misclassification as independent contractors and related wage law violations;

c. An injunction ordering LaserShip to cease its unlawful practices;

d. Statutory trebling of damages;

e. Attorneys' fees and costs;

f. Prejudgment interest; and,

g. Any other relief to which Plaintiffs may be entitled.


Dated: December 4, 2020

Respectfully submitted,

ANDERSON BUCKMIRE and JUSTIN NARDONE, on behalf of themselves and all others similarly situated,

By their attorneys,

 /s/
Mark Hanna (Virginia Bar No. 45442)
Murphy Anderson PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
Tel.: 202-223-2620
Fax: 202-296-9600
mhanna@murphypllc.com

Harold Lichten*
Michelle Cassorla*
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

617-994-5800
hlichten@llrlaw.com
mcassorla@llrlaw.com

\* *pro hac vice* application forthcoming

*Attorneys for Plaintiffs*